UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOM E. FARNSWORTH and PAMELA FARNSWORTH,

    Plaintiffs,

v                                                                                            Case No. 13-cv-11283
                                                          Hon. Gershwin A. Drain

NATIONSTAR MORTGAGE LLC; *et al.*,

    Defendants.
_____/

## ORDER DENYING PLAINTIFFS' EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER [#4]

**I.    INTRODUCTION**

Presently before the Court is Plaintiffs' Emergency Motion for Temporary Restraining Order, filed on April 2, 2013. Plaintiffs seek an order from this Court preserving the status quo by restraining and enjoining the expiration of the redemption period, which is set to expire on April 5, 2013. Upon review of Plaintiffs' Motion for Temporary Restraining Order, the Notice of Removal and Complaint, the Court concludes that Plaintiffs have failed to establish a likelihood of success on the merits. Thus, the Court denies Plaintiffs' Motion for Temporary Restraining Order.

**II.    FACTUAL BACKGROUND**

Plaintiffs filed the instant action in the Wayne County Circuit Court on February 20, 2013. While the action was pending in the Wayne County Circuit Court, Plaintiffs filed a Motion for Preliminary Injunction to restrain and enjoin the expiration of the redemption period, including an injunction against the eviction of Plaintiffs and/or the conveyance or other transfer of the Property to any third-party, pending a trial on the merits. A hearing was set for March 1, 2013. The court

entered an order extending the redemption period to April 5, 2013 which will expire on its own terms absent injunctive relief from this Court. The Order was entered on March 22, 2013. Defendant removed this action to this Court on the same day pursuant to 28 U.S.C. § 1446(a) and 28 U.S.C. § 1332(a).

In their Complaint, Plaintiffs allege that on June 26, 2006, a mortgage was executed between Plaintiffs and Centrex Home Equity Company, LLC to secure real property located in Wyandotte, Michigan. The mortgage was recorded on July 12, 2006. Centrex subsequently changed its name to Nationstar. Plaintiffs suffered financial hardship when Plaintiff, Tom Farnsworth, lost his job. Plaintiffs thereafter contacted Nationstar and requested assistance with their mortgage payments.

Nationstar sent Plaintiffs correspondence indicating that Plaintiffs were pre-approved or eligible for a loan modification. Plaintiffs gathered and sent documents requested by Nationstar. Plaintiffs claim that Nationstar put them through "Paperwork Hell" by repeatedly requesting additional and/or different documentation. Eventually Plaintiffs received correspondence which included a loan modification agreement. The letter indicated that Nationstar could not process Plaintiffs' modification unless Plaintiffs returned a signed and notarized copy of the loan modification agreement and made a qualifying payment of $1,100.00 to Nationstar. Plaintiffs claim that they signed the agreement and sent the $1,100.00 qualifying payment to Nationstar. Thereafter, Nationstar sent another letter enclosing a copy of a loan modification agreement, as well as requiring payment of $1,100.00. Plaintiffs again signed the agreement and sent $1,100.00 to Nationstar. Plaintiffs' Complaint fails to allege the dates that Nationstar sent the purported letters, nor do they allege the date that Plaintiffs returned the signed loan modification agreements along with the

$2,200.00.

On July 17, 2012, Plaintiffs received yet another letter enclosing a proposed loan modification agreement. The July 17, 2012 correspondence indicated that Nationstar could not process the modification unless Plaintiffs made a "qualifying payment" of $1,449.36. Plaintiffs did not sign the modification agreement nor remit the requested $1,449.36 to Nationstar.

Further, Plaintiffs claim that they requested a meeting pursuant to MICH. COMP. LAWS § 600.3205a, however they were never provided with a meeting. Plaintiffs' Complaint fails to allege the date upon which Plaintiff made this request. Plaintiffs assert that they qualify for a traditional or in-house modification. Notwithstanding, Nationstar denied Plaintiffs a loan modification.

A sheriff's sale was conducted on August 30, 2012. Nationstar purchased the subject property for $144,771.90. Plaintiffs raise the following claims in their Complaint: Breach of Contract, Count I; Declaratory Relief that the Foreclosure Violates Mich. Comp. Laws § 600.3204(1) & (3), Count II; Declaratory Relief that the Foreclosure Violates Mich. Comp. Laws § 600.3205a and § 600.3205c and § 600.3204(4), Count III; Intentional Fraud, Count IV; Constructive Fraud, Count V; Negligence against Nationstar, Count VI; Tortious Interference with Contractual Relations against the Trustee of the ABS, Count VII; and Civil Conspiracy, Count VIII.

**III.    LAW & ANALYSIS**

Temporary restraining orders and preliminary injunctions are extraordinary remedies designed to protect the status quo pending final resolution of a lawsuit. *See University of Texas v. Camenisch*, 451 U.S. 390 (1981). Whether to grant such relief is a matter within the discretion of the district court. *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535,

540 (6th Cir. 2007). The same factors are considered in determining whether to grant a request for either a temporary restraining order or a preliminary injunction. *See Sandison v. Michigan High School Athletic Assoc.,* 64 F.3d 1026, 1030 (6th Cir. 1995). The four factors that must be balanced and considered before the court may issue a temporary restraining order or preliminary injunction include: (1) the likelihood of the plaintiff's success on the merits; (2) whether the plaintiff will suffer irreparable injury without the injunction; (3) the harm to others which will occur if the injunction is granted; and (4) whether the injunction would serve the public interest. *Certified Restoration*, 511 F.3d at 542; *In re Eagle-Pitcher Industries, Inc.*, 963 F.2d 855, 858 (6th Cir. 1992); and *N.A.A.C.P. v. City of Mansfield, Ohio*, 866 F.2d 162, 166 (6th Cir. 1989).

"None of these factors, standing alone, is a prerequisite to relief; rather, the court should balance them." *Golden v. Kelsey-Hayes Co.*, 73 F.3d 648, 653 (6th Cir. 1996). Preliminary injunctive relief "is an extraordinary measure that has been characterized as 'one of the most drastic tools in the arsenal of judicial remedies.'" *Bonnell v. Lorenzo*, 241 F.3d 800, 808 (6th Cir. 2001). It is well settled that, "[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Medical Examiners*, 225 F.3d 620, 625 (6th Cir. 2000). Here, the Court finds that Plaintiff cannot demonstrate likelihood of success on the merits.

A Michigan breach of contract claim requires a party to plead "(1) that there was a contract, (2) that the other party breached the contract and, (3) that the party asserting breach of contract suffered damages as a result of the breach." *Miller-Davis Co. v. Ahrens Const., Inc*., 296 Mich. App. 56, 71, 817 N.W.2d 609, 619 (2012). Here, it appears unlikely that Plaintiffs can succeed on their breach of contract claim. Plaintiffs argue that they sent two signed loan modification

agreements to Nationstar, along with a total of $2,200.00. While Plaintiffs submitted the July 17, 2012 letter along with their Complaint, they failed to provide the Court with copies of the prior letters sent by Nationstar. Further, Plaintiffs admit in their Complaint that they never sent the proposed July 12, 2012 loan modification agreement to Nationstar. Unlike the facts presented in *Bolone v. Wells Fargo Home Mortg., Inc.*, No. 11-10663, 2011 U.S. Dist. LEXIS 94714 (E.D. Mich. Aug. 24, 2011), where the Plaintiffs had in fact entered into a HAMP trial period plan, Plaintiffs have not plausibly demonstrated that a loan modification agreement was entered into by the parties herein. Thus, Plaintiffs have failed to establish likelihood of success on the merits of their claim.

Similarly, it does not appear that Plaintiffs will succeed on the merits relative to their claims that Defendants violated Michigan's loan modification statute. Plaintiffs admit in their Complaint that they never sent the July 17, 2012 loan modification agreement to Nationstar. Thus, Nationstar cannot be held accountable for violating Michigan's loan modification law when it sent Plaintiff the proposed modification agreement but Plaintiffs failed to return a signed copy of the agreement. *See Mitan v. Fed. Home Loan Mortg. Corp.*, 703 F.3d 949, 951 (6th Cir. 2012)("If the borrower qualifies, the lender may not foreclose by advertisement unless the designated person offers the borrower a loan-modification agreement that the borrower fails to return within fourteen days of receipt.")(citing MICH. COMP. LAWS § §600.3205c(6)-(7)).

Additionally, Plaintiff cannot establish likelihood of success on their fraud claims, which requires Plaintiffs demonstrate: (1) that the Defendant made a material representation, (2) that was false, (3) that Defendant knew was false, or that was made recklessly, without any knowledge of its truth, (4) that Defendant made it with the intention that Plaintiff would act upon it, and (5) the

Plaintiff acted in reliance upon it, and (6) suffered damages. *See Hi-Way Motor Co. v. Internat'l Harvester Co.*, 398 Mich. 330, 336; 247 N.W. 2d 813 (1976). Here, Plaintiffs fail to allege the specific false representations made by Defendant. Nor does their pleading contain any factual allegations concerning the who, when, or any specific detail surrounding the allegedly fraudulent statements. *See* Fed. R. Civ. P. 9(b) ("[i]n allegations of fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.").

Lastly, Plaintiffs present absolutely no facts in their Complaint, nor in their briefing in support of their Motion for Temporary Restraining Order demonstrating a likelihood of success on their remaining claims of tortious interference with a contractual relationship, civil conspiracy and negligence.

Thus, based on the foregoing, Plaintiff's entitlement to the extraordinary remedy of a temporary restraining order has not been demonstrated. Because Plaintiff cannot establish a likelihood of success on the merits, the extraordinary relief of a temporary restraining order is not justified under the circumstances.

**IV. CONCLUSION**

For the reasons stated above, Plaintiffs' Emergency Motion for Temporary Restraining Order and Renewed Motion for Preliminary Injunctive Relief [#4] is DENIED.

SO ORDERED.

Dated: April 3, 2013                                       s/Gershwin A. Drain
                                                                                GERSHWIN A. DRAIN
                                                                                United States District Judge