UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOM E. FARNSWORTH and
PAMELA J. FARNSWORTH,

    Plaintiffs,

                                                       Case No. 13-11283
                                                       HON. GERSHWIN A. DRAIN

vs.

NATIONSTAR MORTGAGE LLC,
UNKNOWN TRUSTEE, as the trustee of the
asset-backed security in which the loan at
issue was pooled; and UNKNOWN TRUST,
the asset-backed security in which the loan at
issue was pooled,

    Defendants.

_____/

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [#8]

**I.    INTRODUCTION**

Presently before the Court is Defendants' Motion to Dismiss filed on April 19, 2013. Rather than respond, Plaintiffs' requested that the case be remanded to state court and requested a stay of proceedings. Both requests were denied. Plaintiffs filed a Response on July 12, 2013. Defendants filed a Reply on July 26, 2013. Upon review the Court concludes that oral argument will not aid in the resolution of this matter, so the pending Motions are resolved on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons listed below, Defendants' Motion is GRANTED.

1

## II. PROCEDURAL AND FACTUAL HISTORY

Plaintiffs filed the instant action in the Wayne County Circuit Court on February 20, 2013. While the action was pending in the Wayne County Circuit Court, Plaintiffs filed a Motion for Preliminary Injunction to restrain and enjoin the expiration of the redemption period, including an injunction against the eviction of Plaintiffs and/or the conveyance or other transfer of the Property to any third-party, pending a trial on the merits. A hearing was set for March 1, 2013. The court entered an order extending the redemption period to April 5, 2013 which will expire on its own terms absent injunctive relief from this Court. The Order was entered on March 22, 2013. Defendants removed this action to this Court on the same day pursuant to 28 U.S.C. § 1446(a) and 28 U.S.C. § 1332(a).

In their Complaint, Plaintiffs allege that on June 26, 2006, a mortgage was executed between Plaintiffs and Centrex Home Equity Company, LLC to secure real property located in Wyandotte, Michigan. The mortgage was recorded on July 12, 2006. Centrex subsequently changed its name to Nationstar. Plaintiffs suffered financial hardship when Plaintiff, Tom Farnsworth, lost his job. Plaintiffs thereafter contacted Nationstar and requested assistance with their mortgage payments.

Nationstar sent Plaintiffs correspondence indicating that Plaintiffs were pre-approved or eligible for a loan modification. Plaintiffs gathered and sent documents requested by Nationstar. Plaintiffs claim that Nationstar put them through "Paperwork Hell" by repeatedly requesting additional and/or different documentation. Eventually Plaintiffs received correspondence which included a loan modification agreement. The letter indicated that Nationstar could not process Plaintiffs' modification unless Plaintiffs returned a signed and notarized copy of the loan

2

modification agreement and made a qualifying payment of $1,100.00 to Nationstar. Plaintiffs claim that they signed the agreement and sent the $1,100.00 qualifying payment to Nationstar. Thereafter, Nationstar sent another letter enclosing a copy of a loan modification agreement, as well as requiring payment of $1,100.00. Plaintiffs again signed the agreement and sent $1,100.00 to Nationstar. Plaintiffs' Complaint fails to allege the dates that Nationstar sent the purported letters, nor do they allege the date that Plaintiffs returned the signed loan modification agreements along with the $2,200.00.

On July 17, 2012, Plaintiffs received yet another letter enclosing a proposed loan modification agreement. The July 17, 2012 correspondence indicated that Nationstar could not process the modification unless Plaintiffs made a "qualifying payment" of $1,449.36. Plaintiffs did not sign the modification agreement nor remit the requested $1,449.36 to Nationstar.

Further, Plaintiffs claim that they requested a meeting pursuant to MICH. COMP. LAWS § 600.3205a, however they were never provided with a meeting. Plaintiffs' Complaint fails to allege the date upon which Plaintiff made this request. Plaintiffs assert that they qualify for a traditional or in-house modification. Notwithstanding, Nationstar denied Plaintiffs a loan modification.

A sheriff's sale was conducted on August 30, 2012. Nationstar purchased the subject property for $144,771.90. Plaintiffs raise the following claims in their Complaint: Breach of Contract, Count I; Declaratory Relief that the Foreclosure Violates Mich. Comp. Laws § 600.3204(1) & (3), Count II; Declaratory Relief that the Foreclosure Violates Mich. Comp. Laws § 600.3205a and § 600.3205c and § 600.3204(4), Count III; Intentional Fraud, Count IV; Constructive Fraud, Count V; Negligence against Nationstar, Count VI; Tortious Interference

with Contractual Relations against the Trustee of the ABS, Count VII; and Civil Conspiracy, Count VIII.  On July 12, 2013, Plaintiffs voluntarily dismissed Counts II, VI, VII, and VIII.

## III. LAW AND ANALYSIS

### *1. Standard of Review*

Federal Rule of Civil Procedure 12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted.  *See* FED. R. CIV. P. 12(b)(6).  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true."  *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims.  To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id*.  (citations and quotations omitted).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009).  "Nor does a complaint suffice if it tenders 'naked assertion[s]'

4

devoid of 'further factual enhancement.'" *Id*. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id*.

### *2. Expiration of Redemption Period*

Defendants argue that Plaintiffs' claims are subject to dismissal because the redemption period has expired and Plaintiffs have failed to demonstrate a clear showing of fraud or irregularity in the foreclosure process sufficient to justify setting aside the Sheriff's sale. Defendants rely on the Michigan Court of Appeals' unpublished decision in *Overton v. Mortgage Electronic Registration Systems*, No. 07-725429, 2009 WL 1507342 (Mich. App. May 28, 2009). In *Overton*, the court held that once the redemption period following a foreclosure of a parcel of real property has expired, the former owner's rights in and title to the property are extinguished. *See Overton,* 2009 WL 1507342, at *1. "The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a <u>clear showing of fraud, or irregularity</u>." *Id.* (emphasis added) (citing *Schulthies v. Barron*, 16 Mich. App. 246, 247-248 (1969)).

Relying on *Overton*, Defendants argue that Plaintiffs no longer have standing to assert their claims in the Complaint because they have lost all rights in and title to the property. The Sheriff's sale occurred on August 30, 2012, thus the redemption period expired on March 2,

2013. Plaintiffs counter that Defendants' reliance on *Overton* is misplaced because the decision in *Overton* is not based on standing. Plaintiffs rely on *Langley v. Chase Home Finance, LLC*, No. 1-10-cv-604, 2011 U.S. Dist. LEXIS 32845, at *7-9, n. 2 (W.D. Mich. Mar. 28, 2011). The court in *Langley* stated that *Overton* does not stand for the proposition that homeowners are divested of standing once the redemption period has ended. *Id.*

A similar decision was reached in *Lamie v. Fed. Home Loan Mortg. Corp.*, No. 11-cv-156, 2012 U.S. Dist. LEXIS 70091, at *9. In *Lamie*, the court held that the defendant-purchaser, Federal Home Mortgage Corporation was not entitled to dismissal based on a lack of standing. *Lamie*, 2012 U.S. Dist. LEXIS 70091, at *9-10. The *Lamie* court concluded that "the standing discussion in *Overton* that many defendants raise is a bit of a red herring, and that courts should view *Overton* as a merits decision and not a standing decision." *Lamie*, 2012 U.S. Dist. LEXIS 70091, at *9 (quoting *Langley v. Chase Home Fin., LLC*, No. 10-cv-604, 2011 U.S. Dist. LEXIS 32845, at *2 (W.D. Mich. Mar. 28, 2011)). The *Lamie* court ultimately found that the plaintiff failed to demonstrate any fraud or irregularity in the foreclosure process, thus there was no basis for setting aside the foreclosure sale. *Lamie*, 2012 U.S. Dist. LEXIS 70091, at *10-14.

While Plaintiffs may be correct that Defendants are not entitled to dismissal based on lack of standing, Plaintiffs must still demonstrate that their invalid foreclosure and other claims have merit. Here, Plaintiffs fail to allege any irregularity or fraud sufficient to justify setting aside the Sheriff's sale.

Plaintiffs state that Defendants' breaches of loan modification agreements and violations of MICH. COMP. LAWS § 600.3205c are sufficiently plead irregularities, while Defendants misrepresentations about escrow funds for Plaintiffs represents fraud. Defendants are correct

that the allegations of irregularity and fraud must relate to the foreclosure process itself. *See, e.g.*, *Stein v. U.S. Bancorp*, No. 10-cv-14026, 2011 WL 740537, at *6 (E.D. Mich. Feb. 24, 2011) ("[T]he fraud, accident, or mistake must relate to the foreclosure proceeding itself."). Additionally, Defendants are also correct only the alleged violation of MICH. COMP. LAWS § 600.3205c is about the foreclosure process. Negotiations regarding loan modification are simply not part of the foreclosure process and Plaintiffs did not make any allegations regarding an escrow agreement in their Complaint and may not now. Thus, the only instance of irregularity properly considered by the Court is whether Defendants violated MICH. COMP. LAWS § 600.3205c.

The record demonstrates there was no violation of MICH. COMP. LAWS § 600.3205c. The specific allegations are that Defendants' failed to "provide Plaintiffs with the proper calculations made to determine their eligibility for modification . . . ." Compl. ¶ 76. Defendants contend that Plaintiffs failed to request a 3205b meeting within 14 days as required by Section 3205c, so there was no violation. In their Complaint, Plaintiffs claim that they had requested a meeting, but fail to specify when it was requested or provide any other factual allegations about the request. *Id*. at ¶ 35. Defendants, however, offer an Affidavit of Compliance that states Plaintiffs never requested a meeting. Defs.' Mot. to Dismiss Ex. B, at 10. In the face of Defendants' affidavit, Plaintiffs' conclusory statement is clearly insufficient. Since Plaintiffs failed to raise any other allegations of irregularities or fraud regarding the foreclosure process, Plaintiffs' remaining claims must be dismissed.

## IV.  CONCLUSION

For the reasons stated, Defendants' Motion to Dismiss [#8] is GRANTED.

SO ORDERED.

Dated:  July 31, 2013

S/Gershwin A. Drain  
GERSHWIN A. DRAIN  
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 31, 2013, by electronic and/or ordinary mail.

S/Tanya Bankston
Deputy Clerk

8